**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**March 13, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SERGIO GUADALUPE
ORTIZ-GONZALEZ, a/k/a Sinaloa,

    Defendant - Appellant.

No. 22-1284
(D.C. No. 1:21-CR-00231-PAB-2)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **EID**, and **ROSSMAN**, Circuit Judges.
_____

Sergio Guadalupe Ortiz-Gonzalez pleaded guilty to distribution and possession with intent to distribute 50 grams and more of methamphetamine (actual), and received a 158-month prison sentence. He has appealed from that sentence. His plea agreement contains an appeal waiver, which the government now seeks to enforce under _United States v. Hahn_, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc). Mr. Ortiz-Gonzalez's counsel responds that he is not aware of any non-frivolous argument for overcoming the waiver, and he has moved to withdraw. _See Anders v. California_, 386 U.S. 738, 744 (1967).

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

By order dated December 16, 2022, this court gave Mr. Ortiz-Gonzalez until January 6, 2023, to file a pro se response, if desired. *See id.* ("A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses . . . ."). He filed nothing by that date. On January 17, however, the court received Mr. Ortiz-Gonzalez's motion for extension of time to "file [his] appeal" and "obtain[] appellate counsel." Letter received Jan. 17, 2023, at 1. The court responded by letter the next day, informing Mr. Ortiz-Gonzalez that the appeal had already been filed and he currently had counsel, but his counsel could see no argument against the government's motion, so Mr. Ortiz-Gonzalez now had an opportunity to file his own response to that motion. The court set a new deadline of January 25 and warned him, "If you do not file a response by that date, the court may act on the government's motion without your input." Letter dated Jan. 18, 2023, at 1.

The court received nothing by January 25. On February 1, the court sua sponte extended his deadline to February 8. The court still received nothing by that date, and it has received nothing since. We will therefore decide the government's motion on the current record. Our task is to make "a full examination of all the proceedings" and "decide whether the case [*i.e.*, opposition to the government's motion] is wholly frivolous." *Anders*, 386 U.S. at 744.

Our first question when faced with a motion to enforce an appeal waiver is "whether the disputed appeal falls within the scope of the waiver." *Hahn*, 359 F.3d at 1325. Here, the waiver embraces every aspect of pretrial proceedings and sentencing, but still allows an appeal in three circumstances:

2

(1) the sentence exceeds the maximum sentence provided in the statute of conviction . . . ;

(2) the sentence exceeds the top end of the advisory guideline range . . . that applies for the defendant's criminal history (as determined by the district court) at a total offense level of 35; or

(3) the government appeals the sentence imposed.

Mot. to Enforce an Appeal Waiver, Attach. 1 ("Plea Agreement") at 3. The first exception cannot apply because life is the maximum sentence under the statute of conviction, *see* 21 U.S.C. § 841(b)(1)(A)(viii), and Mr. Ortiz-Gonzalez's 158-month sentence did not exceed that. The second exception cannot apply because the top end of the guidelines range, as calculated by the district court, was 210 months, and Mr. Ortiz-Gonzalez's sentence did not exceed that. The third exception cannot apply because the government has not appealed. Thus, this appeal falls within the waiver's scope.

We next ask "whether the defendant knowingly and voluntarily waived his appellate rights." *Hahn*, 359 F.3d at 1325. Here, the plea agreement states as much. *See* Plea Agreement at 2 ("[T]he defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets [one of the exceptions discussed above]."). The district court also confirmed as much at the change-of-plea hearing. The court first explained the waiver and the three potential exceptions, and then had the following exchange with Mr. Ortiz-Gonzalez:

3

THE COURT: . . . Have you had a chance, Mr. Ortiz-Gonzalez, to review that aspect of your waiver of appellate rights and talk to [your attorney] about it?

THE DEFENDANT: Yes.

THE COURT: Do you believe that you understand that waiver of appellate rights?

THE DEFENDANT: Yes.

Mot. to Enforce an Appeal Waiver, Attach. 2 at 10–11.  Thus, on the record before us, the knowing-and-voluntary standard is satisfied.

Finally, we ask "whether enforcing the waiver would result in a miscarriage of justice."  *Hahn*, 359 F.3d at 1325.  We have reviewed the record and see nothing that might satisfy this high standard.  We further note that, to the extent Mr. Ortiz-Gonzalez might believe that he received ineffective assistance of counsel, or that the prosecutor committed misconduct in his case, his waiver does not bar him from pursuing a collateral attack on those issues.  *See* Plea Agreement at 3.  Moreover, if "an explicitly retroactive change in the sentencing guidelines or sentencing statute" occurs, the plea agreement does not bar bringing a motion in the district court to receive the benefit of that change.  *Id.*

In sum, we find this appeal falls within Mr. Ortiz-Gonzalez's appeal waiver and no other *Hahn* factor counsels against enforcement of the waiver.  We therefore grant counsel's motion to withdraw, grant the government's motion to enforce the appeal waiver, and dismiss this appeal.

Entered for the Court
Per Curiam

4